[Civ. No. 106. Fourth Appellate District.—August 4, 1930.]

J. W. HANDY, Respondent, v. R. SAMADA, Appellant.

Fred H. Thompson for Appellant.

W. E. Abraham and H. B. Stewart for Respondent.

CARY, P. J.—This in an appeal from the order denying a motion of defendant to set aside a default and relieve him from a judgment by default. The action was brought to recover a money judgment for goods sold and delivered.

July 30, 1928, the summons was served on appellant and two days thereafter was served on his co-defendant Kobashigawa. The summons was served in the county in

which the action was pending and thus appellant's last day to appear would have been August 9, 1928. Not until September 24, 1928, was the default entered. October 26, 1928, he made his motion to set aside the default supported by his affidavit.

This affidavit was in substance as follows: That affiant had never purchased or authorized the purchase of any goods from plaintiff; that he had never received any such goods; that immediately after being served with summons he went to his co-defendant Kobashigawa, who informed him that he, the co-defendant, had purchased the goods from plaintiff, that affiant need not worry about the matter, but that Kobashigawa would pay plaintiff and that it was not necessary for affiant to incur any expense or employ any attorney; that affiant believed his co-defendant and relied upon these statements; that affiant was informed that the price asked for in plaintiff's complaint was greatly in excess of the real value of the goods claimed to have been sold; that affiant did not appear to defend himself because he believed his co-defendant had paid the debt; that affiant first learned that his co-defendant had failed to do so when on October 25, 1928, an execution was served upon affiant; that affiant has a regularly employed attorney to whose office he went when served with the summons; that he found said attorney to be absent from the city and not expected to return for about a month; that he has fully and fairly stated the facts in the case to his counsel and is advised by counsel that he has a good and substantial defense on the merits and that affiant believes he has such a defense.

Plaintiff filed a counter-affidavit which controverted many of appellant's assertions. Appellant filed no affidavit of his co-defendant Kobashigawa in support of his own nor did his own affidavit give any reason why it was not possible to do so. It will also be noted that, although he claimed to have relied absolutely upon his co-defendant's promise to pay the debt, yet his reliance was not sufficient to prevent him from at least seeking to consult his attorney in reference to the matter.

Under the facts, appellant has failed to establish a clear showing of abuse of discretion by the trial court.

That such a showing is necessary to justify this court in reversing the order requires the citation of no authority. The order is affirmed.

Barnard, J., and Marks, J., concurred.